IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE PAUL REVERE LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:06cv1029-MEF |
| ZEV-DAVID NASH, | ) ) ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT ZEV-DAVID NASH, M.D.

COMES NOW Defendant/Counterclaim Plaintiff, Zev-David Nash, and hereby answers the Complaint as follows:

At the present time, Defendant/Counterclaim Plaintiff is the subject of an ongoing criminal investigation by the Alabama Attorney General's office involving many of the allegations of fact in this present case. Accordingly, as to such allegations, Defendant/Counterclaim Plaintiff Nash invokes the Fifth Amendment to the United States Constitution against self-incrimination; and without waiving his rights, states as follows.

### JURISDICTION AND VENUE

1. Defendant admits that this suit seeks a declaration from this Court, but denies the remaining allegations.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments stated in paragraph 3 of the Complaint.

4. Defendant admits that he resides in Montgomery County, Alabama.

5.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments set forth in paragraph 5 of the Complaint.

## BACKGROUND FACTS

6.      Upon information and belief, Defendant admits the allegations of paragraph 6 of the Complaint.

7.      The policy at issue speaks for itself. To the extent Plaintiff's allegations vary from the terms and conditions set forth in the policy, such allegations are denied.

8.      Defendant admits that he filed a disability claim with Paul Revere.

9.      Defendant is without knowledge and information sufficient to form a belief as to what Paul Revere's investigation revealed. Further, Defendant pleads the Fifth Amendment to the United States Constitution against self-incrimination.

10.     Defendant denies the allegations of paragraph 10 of the Complaint. Further, Defendant pleads the Fifth Amendment to the United States Constitution against self-incrimination.

11.     Defendant denies the allegations of paragraph 11 of the Complaint. Further, Defendant pleads the Fifth Amendment to the United States Constitution against self-incrimination.

12.     Defendant denies the allegations of paragraph 12 of the Complaint. Further, Defendant pleads the Fifth Amendment to the United States Constitution against self-incrimination.

13. Defendant denies the allegations of paragraph 13 of the Complaint. Further, Defendant pleads the Fifth Amendment to the United States Constitution against self-incrimination.

14. Defendant is without knowledge and information sufficient to form a belief as to what Paul Revere's investigation revealed. Further, Defendant pleads the Fifth Amendment to the United States Constitution against self-incrimination.

15. Defendant denies the allegations of paragraph 15 of the Complaint. Further, Defendant pleads the Fifth Amendment to the United States Constitution against self-incrimination.

16. The policy at issue speaks for itself. To the extent Plaintiff's allegations vary from the terms and conditions set forth in the policy, such allegations are denied.

17. This Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 17.

## CLAIM FOR DECLARATORY RELIEF

18. Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

19. The policy at issue speaks for itself. To the extent Plaintiff's allegations vary from the terms and conditions set forth in the policy, such allegations are denied. Further, Defendant pleads the Fifth Amendment to the United States Constitution against self-incrimination.

3

20. No response is warranted to paragraph 20 of the Complaint. To the extent a response is required, Defendant denies the allegations of paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant Nash asserts the following affirmative defenses without assuming the burden of proof of such defenses that otherwise rests with the Plaintiff.

### First Affirmative Defense

Except to the extent expressly admitted herein, the allegations of the Complaint are denied and Defendant demands strict proof thereof.

### Second Affirmative Defense

Plaintiff has failed to state a claim against Defendant for which relief can be granted.

### Third Affirmative Defense

Defendant pleads accord and satisfaction, estoppel, statute of limitations, and waiver.

### Fourth Affirmative Defense

Defendant asserts and pleads all available defenses against the Plaintiff that the Defendant would have against the Plaintiff, whether such defenses have been raised or waived.

## RESERVATION OF RIGHTS

Defendant reserves the right to plead additional affirmative defenses as they become known.

## COUNTERCLAIM

COMES NOW, Defendant/Counter-Claimant, Zev-David Nash, and brings the following counterclaim against Plaintiff/Counter-Defendant, The Paul Revere Life Insurance Company ("Paul Revere"):

At the present time, Defendant/Counterclaim Plaintiff is the subject of an ongoing criminal investigation by the Alabama Attorney General's office involving many of the allegations of fact in this present case and has pled the Fifth Amendment to the United States Constitution against self-incrimination as to many of the allegations in Plaintiff's Complaint. However, Defendant/ Counterclaim Plaintiff is compelled to plead this counterclaim to protect his interests.

## THE PARTIES, JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 2201 and 2202.

2. Counter-Claimant Nash is a resident of the State of Alabama.

3. Based upon information and belief, Paul Revere is an insurance company incorporated in Massachusetts, with its principal place of business in Massachusetts and qualified to do business in the State of Alabama.

4. Paul Revere has conducted and/or does conduct business in the State of Alabama and in this judicial district. Paul Revere has damaged Nash in this judicial district through its conduct as alleged in this Counterclaim. For these reasons, among others, Paul Revere is subject to the jurisdiction of this Court.

5. Venue in this Court is proper.

## FACTUAL ALLEGATIONS

6. Paul Revere issued an individual disability policy to Dr. Zev-David Nash with an effective date of January 19, 1993, bearing policy number 0102598779.

7. As a result of disability and in January 2006, Nash filed a disability claim with Paul Revere.

8. To date, Paul Revere has refused and/or denied coverage and has failed to honor the terms of its policy issued to Nash. As of today's date, Nash has not been paid any monies under the subject policy.

9. Accordingly, Nash has suffered damages as a result of Paul Revere's conduct, as alleged above.

## COUNT I

## CLAIM FOR DECLARATORY RELIEF

10. Nash incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 9 of his Counterclaim.

11. Nash's inability to work in his occupation constitutes a "disability" under the policy rendering him eligible for disability benefits.

12. As a result, Nash seeks a declaration from this Court that he is indeed eligible for benefits and that Paul Revere owes Nash benefits under the terms of the policy.

## PRAYER FOR RELIEF

WHEREFORE, Nash prays to this Court for the following relief:

A.   That this Court accept jurisdiction over this matter;

B.   That this Court find that Nash is entitled to benefits under the policy;

C.   That this Court declare that Paul Revere is obligated to pay Nash benefits under the individual disability policy based on Nash's current claim; and

D.   That this Court render judgment for such other and further relief as this Court may deem appropriate.

## COUNT II

## BREACH OF CONTRACT

13.   Nash incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 12 of his Counterclaim.

14.   There was a valid and enforceable contract between Paul Revere and Nash.

15.   Pursuant to that contract, Paul Revere was required to provide disability benefits to Nash.

16.   Nash's disability satisfies the terms and conditions under the contract.

17.   Paul Revere has breached the contract by refusing to pay Nash disability benefits.

18.   As a result of Paul Revere's breach of contract, Nash has incurred damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Nash prays for judgment against Paul Revere on his Counterclaim as follows:

A.  An award in the amount of disability benefits that Paul Revere has refused to pay Nash under the terms of the contract; and

B.  For any other relief the Court may deem just and proper.

Respectfully submitted this the 19th day of January, 2007.

                                    s/ C. MARK BAIN
                                    James E. Williams (WIL071)
                                    C. Mark Bain (BAI060)
                                    Attorneys for Defendant Zev-David Nash
                                    Melton, Espy & Williams, PC
                                    255 Adams Avenue
                                    Montgomery, AL 36104
                                    Telephone: (334) 263-6621
                                    Facsimile: (334) 263-7252
                                    mbain@mewlegal.com


## JURY TRIAL DEMANDED

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 19th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

John S. Johnson
Hand Arendall, LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
jjohnson@handarendall.com

Henry T. Morrissette
Hand Arendall, LLC
PO Box 123
Mobile, AL 36601
hmorrissette@handarendall.com


s/ C. MARK BAIN
James E. Williams (WIL071)
C. Mark Bain (BAI060)
Attorneys for Defendant Zev-David Nash
Melton, Espy & Williams, PC
255 Adams Avenue
Montgomery, AL 36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
mbain@mewlegal.com