# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| THE PAUL REVERE LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CASE NO. 2:06-cv-01029-MEF-SRW |
| ZEV-DAVID NASH, M.D., ) ) | |
| Defendant. ) | |

## THE PAUL REVERE LIFE INSURANCE COMPANY'S
## ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff The Paul Revere Life Insurance Company ("Paul Revere") answers Defendant Zev-David Nash's Counterclaim as follows:

### ADMISSIONS AND DENIALS

1.    Paul Revere admits that this Court has jurisdiction over this matter.

2.    Admitted.

3.    Paul Revere admits that it is a foreign corporation that has done business in the Northern District of Alabama and is qualified to do so.

4.    Paul Revere admits that it is a foreign corporation that has done business in the Northern District of Alabama and is qualified to do so. Paul Revere also admits that the Middle District of Alabama is the appropriate jurisdiction for

this matter. Paul Revere denies the remaining averments of Paragraph 4 and demands strict proof thereof.

5. Admitted.

6. Admitted.

7. Paul Revere admits that Nash filed a claim for disability benefits. Paul Revere denies the remaining averments of Paragraph 7 and demands strict proof thereof.

8. Paul Revere admits that it has determined that Nash is not disabled under the terms of the policy and has not paid him any benefits. Paul Revere denies the remaining averments of Paragraph 8 and demands strict proof thereof.

9. Paul Revere denies the averments of Paragraph 9 and demands strict proof thereof.

10. Paul Revere adopts and incorporates paragraphs 1 through 9 of this Answer as if fully set forth herein.

11. Paul Revere denies the averments of Paragraph 11 and demands strict proof thereof.

12. Paul Revere denies the averments of Paragraph 12 and demands strict proof thereof.

13. Paul Revere adopts and incorporates paragraphs 1 through 12 of this Answer as if fully set forth herein.

14.    Paul Revere admits that it issued a disability insurance policy to Nash and that the policy speaks for itself.  Paul Revere denies the remaining averments of Paragraph 14 and demands strict proof thereof.

15.    Paul Revere admits that it issued a disability insurance policy to Nash and that the policy speaks for itself, including the conditions Nash must satisfy to be eligible for benefits pursuant to the policy.  Paul Revere denies the remaining averments of Paragraph 15 and demands strict proof thereof.

16.    Paul Revere denies the averments of Paragraph 16 and demands strict proof thereof.

17.    Paul Revere denies the averments of Paragraph 17 and demands strict proof thereof.

18.    Paul Revere denies the averments of Paragraph 18 and demands strict proof thereof.

## **GENERAL DENIAL**

Paul Revere denies every allegation in the Counterclaim not specifically admitted herein and denies that Nash is entitled to any recovery from Paul Revere in this action.

## **FIRST DEFENSE**

Nash's Counterclaim and each claim therein, separately and severally, fail to state claims upon which relief can be granted.

## SECOND DEFENSE

Paul Revere denies that it has breached any contract, expressed or implied, which proximately caused any injury or damage claimed by Nash.

## THIRD DEFENSE

Nash has failed to satisfy condition(s) precedent to recovery under the applicable policy.

## FOURTH DEFENSE

Nash is not entitled to any future damages.

## FIFTH DEFENSE

Nash's claim is contrary to public policy.

## SIXTH DEFENSE

Nash has failed to mitigate his damages.

## SEVENTH DEFENSE

Nash is not entitled to any equitable relief.

## EIGHTH DEFENSE

Paul Revere avers that Nash's counterclaims against it are barred because Nash has breached material contractual obligations and duties owed to Paul Revere.

## NINTH DEFENSE

Paul Revere pleads that Nash has unclean hands.

4

## TENTH DEFENSE

Nash seeks equity but has failed to do equity.

## ELEVENTH DEFENSE

Paul Revere pleads the doctrine of estoppel.

Respectfully submitted,

*/s/ Henry T. Morrissette*

**OF COUNSEL:**
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Facsimile: (251) 694-6375

**OF COUNSEL:**
HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 397-1307

JOHN T. JOHNSON

ATTORNEYS FOR PLAINTIFF
THE PAUL REVERE LIFE
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

James E. Williams
C. Mark Bain
Melton, Espy & Williams, P.C.
Post Office Drawer 5130
Montgomery, AL 36103-5130

*/s/ Henry T. Morrissette*